IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 12-00023-KD-B |
| | ) | |
| DAVID ALLEN WINGARD, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant David Allen Wingard's ("Wingard") Rule 41 letter Motion for Return of Property (Doc. 43) and the Government's Response. (Doc. 45). Specifically, Wingard seeks the return of the following: 1) medical records; 2) a chain, pendant and bracelet; 3) a billfold and the contents of same (credit card, licenses, social security card etc.); 4) a cellular telephone; 5) a "black man's purse;" and 6) an address book.

Rule 41(g) of the Federal Rules of Criminal Procedure provide for motions for the return of property as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. Rule 41(g).  Overall, "[a] motion to return seized property under Rule 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision."  United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). To invoke Rule 41(g), the movant must show both a possessory interest in the seized property and have clean hands.  Id.  Additionally, the Eleventh Circuit has explained that a "Rule 41(g)

1

movant who asserts a post-conviction claim must first demonstrate that he is entitled to the property. This showing implicates the threshold requirement ... that the movant have a possessory interest in the property." United States v. Melquiades, 394 Fed. Appx. 578, 580 (11th Cir. 2010). Once a movant has demonstrated entitlement, the Government may rebut his "allegations with evidence that it has a legitimate reason to retain the property, that it does not possess the property, or that the property has been destroyed." Melquiades, 394 Fed. Appx. at 580 (citations and internal quotations omitted). See also United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (providing that "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property[]"). "To demonstrate a legitimate reason to retain the items, the government may show a cognizable claim of ownership or right to possession that is adverse to that of defendant … The government may also demonstrate the need to retain the property as evidence…." U.S. v. Reyes, 2010 WL 996416, *1 (W.D. Wash. Mar. 15, 2010).

The possessory requirement is met: Wingard has asserted his possessory interest and the Government has not disputed same (*i.e.*, there is no dispute that the items belong to Wingard). As such, Wingard is presumed to have a right to the return of his property absent a legitimate reason proven by the Government. See, e.g., U.S. v. Homrighausen, 327 Fed. Appx. 124, 126 (11th Cir. 2008).

As to the rebuttal – proving legitimate reasons to retain the property -- the Government asserts that Wingard's request should be denied with the exception of one (1) item, his wallet, which may be returned but not its contents. As grounds, the Government does not contend that Wingard has unclean hands. Rather, the Government relies on the factual background of this

2

case to assert that the (majority of the) property at issue is contraband or is evidence and should be retained for its evidentiary value concerning an open investigation.

As to his medical records, Wingard seeks assistance to order his attorney, Chris Knight, and/or the FBI to return such records. The Government attests that these records were never in its custody. As such, Wingard's motion is **DENIED** as to these records.

Regarding the chain, pendant, and bracelet, Wingard admits in his motion that he has received these (they have been returned). Thus, Wingard's motion is **MOOT** as to these items.

Concerning Wingard's request to return his billfold and the contents of same (credit card, licenses, social security card etc.), the Government asserts that the billfold itself can be returned "as soon as reasonably possible" but that the contents are considered potential evidence for an open investigation (insofar as Wingard allegedly paid for what he believed was an actual assault on a prisoner). As such, the Government is **ORDERED** to return the billfold to Wingard's attorney **within thirty (30) days of the date of this Order.** As to the contents therein, Wingard's motion is **DENIED** *at this time,* as the contents are part of an ongoing investigation.

As to Wingard's cellular telephone, the Government asserts that it is evidence (as it was the phone he used to arrange the drug deal made the basis of his conviction) to be maintained in the custody of the Federal Bureau of Investigations at least until one (1) year period for any post-conviction relief expires. As such, Wingard's motion is **DENIED** as to this item.

Regarding Wingard's purse, the Government asserts that it is contraband as Wingard placed a kilo of cocaine in the purse which he opened for "testing" as part of the drug deal. As such, Wingard's motion is **DENIED** as to this item.

Concerning Wingard's address book, the Government contends that it is evidence in an

open investigation (the contents are allegedly evidence as to his actions in paying for what he believed was an actual assault on a prisoner).   As such, Wingard's motion is **DENIED** as to this item.

Accordingly, based the foregoing, it is **ORDERED** that Wingard's motion is **DENIED** as to the medical records, billfold's contents, cellular telephone, purse, and address book;[1] **GRANTED** as to the billfold (but not its contents); and **MOOT** as to the pendant, chain and bracelet.

**DONE** and **ORDERED** this the **22nd** day of **August 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Courts generally recognize that the Government is entitled to retain legally seized evidence until the conclusion of a criminal case. U.S. v. Jeffs, 2006 WL 898112, *1 (D. Colo. Apr. 4, 2006). See also e.g., United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1212-1213 (10th Cir.2001); In re Search of 2847 East Higgins Rd., 390 F.3d 964, 968 (7th Cir. 2004).